WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA  2955-0
Union Plaza
1136 Union Mall, Suite 402
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:  (808) 528-8881
e-mail:  aikeda@unioncounsel.net

Attorney for Plaintiffs TRUSTEES OF THE
HAWAII ANNUITY TRUST FUND FOR
OPERATING ENGINEERS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII ANNUITY TRUST FUND FOR OPERATING ENGINEERS, BY ITS TRUSTEES, LANCE WILHELM, KATHLEEN THURSTON, MARNIE KOGA HURSTY, CHAD GOODFELLOW, LEONARD DEMPSEY, RUSSELL E. BURNS, PANE MEATOGA, JR., DAN REDING, STEVE INGERSOLL AND MICHAEL AKAU,<br><br>Plaintiffs,<br>vs.<br><br>KAUAI VETERANS EXPRESS COMPANY, LTD., a Hawaii corporation,<br><br>Defendant. | CIVIL NO. _____<br><br>**COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; EXHIBIT "A" & "B"; SUMMONS** |

(130168/889870)COMPLAINT

## COMPLAINT FOR SPECIFIC
## PERFORMANCE, ASSUMPSIT AND DAMAGES

Come now Plaintiffs above-named by their attorneys, Weinberg, Roger & Rosenfeld, and for Complaint against Defendant above-named allege and aver as follows:

## FIRST CAUSE OF ACTION
## (SPECIFIC PERFORMANCE)

1. Plaintiffs are the Trustees of the Hawaii Annuity Trust Fund for Operating Engineers.

2. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f).

3. At all times material herein, the above-named Trust Fund ("Trust Fund" or "Plaintiffs") was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the County of Alameda, State of California. At all times herein mentioned, the Trust Fund

was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

4.     Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant KAUAI VETERANS EXPRESS COMPANY, LTD. (hereinafter "Defendant"), was, and is now, a Hawaii corporation, doing business in the State of Hawaii.

5.     On or about July 1, 2011 and August 19, 2014, Defendant, by and through its President, Secretary, Treasurer and Director, Stanley H. Morinaka, Sr., made, executed and delivered to the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO (hereinafter "Union"), those certain written agreements, effective July 1, 2011 and July 1, 2014, entitled "KAUAI TRUCKING AGREEMENT 2011-2014" and "MEMORANDUM OF AGREEMENT KAUAI TRUCKING AGREEMENT" (hereinafter "Agreement") covering operating engineers in the State Of Hawaii, which said Agreement by its terms

incorporated the Trust Agreement establishing Plaintiffs' trust. True copies of said Agreement are attached hereto as Exhibits "A and "B" and are incorporated herein by reference. By said agreement(s), Defendant promised to contribute and pay to the Trust Fund (hereinafter referred to as "Trust Fund" or "Plaintiffs") certain amounts for employee benefits, for work performed by Defendant's covered employees, which amounts would be paid to the Trust Fund on or before the due dates as specified in said agreement(s), commencing on and after July 1, 2011.

6. By said agreement(s), the Defendant promised to submit timely reports to the Trust Fund regarding hours worked by Defendant's covered employees, which reports would be submitted to the Trust Fund on or before the due dates as specified in said agreement(s), commencing on and after July 1, 2011, to permit audits of its payroll records to allow Plaintiffs to ascertain whether all contributions due have been paid, and to post a surety bond or cash-in-escrow to secure payment or contributions if required by the Trust Fund.

7. By said agreement(s), Defendant agreed to be subject to and bound by all terms and conditions of the trust

agreement, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to the Trust Fund liquidated damages in the amount of twenty percent (20%) of the contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said agreement(s), for each delinquency as and for liquidated damages and not as a penalty.

8. By virtue of said agreement(s) and 29 U.S.C. §1132(g), Plaintiffs are entitled to an award of liquidated damages equivalent to interest at the rate prescribed in said agreement(s), of 12% per annum, or under 26 U.S.C. §6621, whichever is greater, on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages, if such amount is greater than the above-mentioned liquidated damages.

9. By virtue of 29 U.S.C. § 1132(g), Plaintiffs are entitled to an award of interest at the rate prescribed under said agreement(s), of 12% per annum, or under 26 U.S.C. § 6621, whichever is greater, on any unpaid contributions.

10. By said agreement(s), the Plaintiffs are authorized and empowered to have authorized representatives of the Plaintiffs'

Administrative Office examine and audit the payroll books and records of Defendant to permit Plaintiffs to determine whether the Defendant is making full payment as required under said agreement(s).

11. As a result of recently discovered information regarding Defendant's possible misclassifications of employees, Plaintiffs demanded that Defendant submit to an audit of all payroll books and records. Plaintiffs demanded that Defendant submit to an audit of all payroll books and records.

12. Defendant refused to submit to Plaintiffs' request and demand for an audit.

13. Defendant now continue to fail, neglect and refuse to submit to the payroll audit demanded and it will continue to do so unless ordered to specifically perform under the agreement(s). Plaintiffs have no plain, speedy and adequate remedy at law in that all of the documents necessary for a payroll audit are in the possession of Defendant.

## SECOND CAUSE OF ACTION
## ASSUMPSIT AND DAMAGES

14. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1. through 13. of the First Cause Of Action herein above set forth.

15. By said written agreement(s), Defendant agreed that payment of employee benefit contributions to the Trust Fund would be based upon the total number of hours worked by each covered employee. Defendant employed workers covered by the provisions of said written agreement(s), and said workers performed covered work during the time said agreement(s) were in full force and effect.

16. Defendant has refused to provide information and documentation to allow an audit of Defendant's payroll records, despite numerous demands, and to date continues to refuse to allow a complete audit of its required payroll documents. If moneys are owed, said amounts, together with liquidated damages as provided in said agreement(s), are presently due and owing and have not been paid.

17. Defendant's obligations to Plaintiffs, pursuant to said agreement(s), to make contributions are continuing obligations

and Defendant may accrue and owe additional amounts plus liquidated damages up to the time of trial or proof.

18. At all times herein mentioned, it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Plaintiffs as a result of the refusal to allow audit and the potential non-payment of said contributions.

19. By said agreement(s), Defendant further promised that if it became necessary for Plaintiffs to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would pay all court and collection costs and reasonable attorneys' fees.

20. By virtue of the foregoing, Plaintiffs have been damaged in yet to be determined amounts, plus interest and such additional amounts as may be proven at trial of hearing on proof.

21. It has been necessary for the Plaintiffs to engage counsel for the purpose of collecting said contributions and liquidated damages, and Plaintiffs are entitled to reasonable attorney's fees in connection therewith.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant KAUAI VETERANS EXPRESS LTD., a Hawaii corporation, as to the First and Second Causes of Action hereinabove set forth, as follows:

1. That the Court order Defendant to submit timely reports and payments in accordance with said agreement(s).

2. That the Court orders Defendant to permit Plaintiffs to audit Defendant's payroll books and records for the period of January 1, 2015 through the present in accordance with said agreement(s), or further back if necessary.

3. That the Court award to Plaintiffs and against Defendant, such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been provided, plus such other amounts as may be due and owing at the time of trial or proof.

4. That the Court award to Plaintiffs and against Defendant interest at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater, on any amounts determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll

audit has been permitted, said interest to be calculated as of the date(s) such amounts were due pursuant to said agreement(s). 29 U.S.C. §1132(g).

5. That the Court award Plaintiffs and against Defendant all sums determined to be due and owing after audit, plus accrued interest calculated on the delinquent contributions thereon at the rate prescribed under the agreement(s) of twelve percent (12%).

6. That the Court award Plaintiffs and against Defendant liquidated damages on all sums determined to be due and owing after audit as provided in said agreement(s) or double interest pursuant to 29 U.S.C. § 1132(g)(2)(C)(i).

7. That the Court award Plaintiffs and against Defendant all audit fees incurred.

8. That the Court award Plaintiffs and against Defendant, such additional amounts as may, by proof, be shown to be due and owing at the time of trial or proof.

9. That the Court award Plaintiffs and against Defendant, all collection costs, costs of court and reasonable

attorney's fees pursuant to said agreement(s) or other laws. 29 U.S.C. § 1132(g).

10. That the Court allow Plaintiffs to amend their Complaint as to any amounts found due and owing after an order for audit is issued by the court.

11. That the Court order and award any further and additional relief as the Court deems proper.

D ATED: Honolulu, Hawaii, _November 16,_____, 2016.

                           WEINBERG, ROGER &
                           ROSENFELD

                           By_____
                           ASHLEY K. IKEDA
                           Attorney for Plaintiffs
                           TRUSTEES OF THE HAWAII
                           ANNUITY TRUST FUND FOR
                           OPERATING ENGINEERS