IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII ANNUITY TRUST FUND FOR OPERATING ENGINEERS, BY ITS TRUSTEES, ET AL.;<br><br>                    Plaintiff,<br><br>    vs.<br><br>KAUAI VETERANS EXPRESS COMPANY, LTD., A HAWAII CORPORATION;<br><br>                    Defendant. | CIV. NO. 16-00615 JMS-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS TRUSTEES OF THE HAWAII ANNUITY TRUST FUND FOR OPERATING ENGINEERS' MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFFS TRUSTEES OF THE
HAWAII ANNUITY TRUST FUND FOR OPERATING ENGINEERS'
<u>MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS</u>

Before the Court is Plaintiffs Trustees of the Hawaii Annuity Trust Fund for

Operating Engineers' ("Plaintiffs") Motion for Attorney's Fees and Non-Taxable

Costs ("Motion") (ECF No. 108).  The Court finds this matter suitable for

disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of

Practice of the United States District Court for the District of Hawaii ("Local

Rules").

Plaintiffs request $122,201.52 in attorneys' fees for 528.90 hours of work,

inclusive of G.E.T.  Plaintiffs also request non-taxable costs in the amount of

$4,877.04.  The total amount of attorneys' fees and costs sought in Plaintiffs'

Motion is $127,078.56.

After reviewing the parties' submissions, records in this case, and relevant

law, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN

PART and DENIED IN PART.  The Court RECOMMENDS that the district judge

find that $225.00 an hour for attorneys' fees and $85.00 an hour for paralegals'

fees are reasonable.  The Court FINDS that Plaintiffs' requested fees should be

reduced by: (1) 20% for block billed entries; (2) 4.2 hours for duplicative entries;

(3) 3.7 hours for calendaring; and (4) 10% across-the-board reduction for

quarter-hour billing.  The Court thus RECOMMENDS that the district judge award

Plaintiffs $103,603.67 in attorneys' fees, inclusive of G.E.T., and $4,877.04 in

non-taxable costs for a total of $108,480.71.

## BACKGROUND

On November 16, 2016, Plaintiffs filed their Complaint for Specific

Performance, Assumpsit and Damages (ECF No. 1).  The Court has federal

question subject-matter jurisdiction over this case as Plaintiffs' action arises from

the Labor-Management Relations Act, 1947, the Employee Retirement Income

Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of

1980 (ECF No. 1, p.2).  Defendant Kauai Veterans Express Company, Ltd.

("Defendant") filed an Answer on December 5, 2016 (ECF No. 7).

On April 10, 2017, Plaintiffs filed their Motion to Strike Answer or, in the

Alternative, Motion for Partial Summary Judgment ("Motion to Strike Answer")

(ECF No. 21). Defendant filed a Counter-Motion for Summary Judgment on April 24, 2017 ("Counter-Motion") (ECF No. 24). On June 29, 2017, the Court issued its Order denying Defendant's Counter-Motion (ECF No. 32) and Order Denying Plaintiffs' Motion to Strike Answer (ECF No. 33).

On August 8, 2017, Defendant filed its Motion for Partial Summary Judgment (ECF No. 39), but later withdrew the motion (ECF No. 52). On August 29, 2017, Defendant filed an Amended Motion for Partial Summary Judgment (ECF No. 48). On November 16, 2017, Plaintiffs filed a Motion to Strike Defendant's Reply Brief (ECF No. 63). The Court heard the parties' motions on November 28, 2017 (ECF No. 72). On December 1, 2017, the Court filed its Order Granting Plaintiffs' Renewed Motion for Partial Summary Judgment and Denying Defendant's Motions for Partial Summary Judgment (ECF No. 78).

On October 10, 2018, Plaintiffs filed their Motions for Summary Judgment ("MSJ") (ECF No. 87). On January 7, 2019, the Court held a hearing on Plaintiffs' MSJ (ECF No. 99). On March 12, 2019, the Court filed its Order granting Plaintiffs' MSJ (ECF No. 100). The Court ordered that the parties meet and confer in attempt to reach an agreement on liquidated damages and interest, unpaid contributions and interest, audit fees, and reasonable attorneys' fees and costs. If the parties were unable to reach an agreement, Plaintiffs were required to file a declaration by April 8, 2019 explaining all interest calculations and audit fees. The parties did not reach an agreement. On April 5, 2019, Plaintiffs filed their Motion for Entry of Final Judgment Against Defendant (ECF No. 101). On

April 8, 2019, the Court ordered Defendant to show cause why it should not be sanctioned for failing to meet and confer in compliance with the Court's Order granting Plaintiffs' MSJ (ECF No. 102). On April 17, 2019, the Court filed its Order (1) Vacating Order to Show Cause and (2) Granting Plaintiffs' Motion for entry of Final Judgment (ECF No. 105).

On April 17, 2019, Judgment was filed (ECF No. 106). On April 18, 2019, an Amended Judgment was filed (ECF No. 107).

On May 2, 2019, Plaintiffs filed their Motion. Defendant opposed Plaintiffs' Motion on June 21, 2019. Defendant objects to the attorneys' fees based on the following allegations: (1) Plaintiffs have block billed; (2) Plaintiffs inappropriately seek fees for conferring with one another; (3) Plaintiffs request for calendaring should be denied; and (4) Plaintiffs' redacted billing entries lack sufficient detail.

Defendant proposes that the Court permit Plaintiffs to (1) revise their attorneys' fees by breaking down block billed entries and (2) submit a declaration describing the redacted billing. Defendant further proposes that the Court deny 67.40 hours or $15,140.00 billed for attorneys and paralegals conferring with each other; and deny 3.7 hours or $493.75 for calendaring tasks.

However, Defendant does not dispute that the attorneys' fees and costs requested are mandatory under Employee Retirement Income and Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2). Defendant does not dispute Plaintiffs' requested hourly rates of $225.00 per hour for attorneys and $125.00 per hour for paralegals. Defendant also do not oppose Plaintiffs' request for costs.

4

On May 16, 2019, Plaintiffs filed their Statement of Consultation to the Motion.  (ECF No. 112).  On July 5, 2019, Plaintiffs filed their Reply Memorandum to their Motion for Attorney's [sic] Fees and Non-Taxable Costs ("Reply") (ECF No. 125).  Plaintiffs argue that block billing may be acceptable, and the attorneys' descriptions adequately describe the work performed.  In support of their argument, Plaintiffs cite to California and Oregon law.  However, Plaintiffs request for leave to submit revised attorneys' fees if the Court is inclined to deny the block billed entries.

Plaintiffs argue that most of the fees for conferring were not duplicative. For most of these entries, only one attorney charged for the meeting even though others attended.  However, Plaintiffs argue that for those entries where multiple participants billed for conferring, at most 0.25 hour was spent.  Thus, Plaintiffs do not object to a 0.25 reduction for these days.  Plaintiffs argue that the fees for conferring are not excessive, but if the Court found them excessive, Plaintiffs would not object to a 10% reduction.

In addition, Plaintiffs accede to Defendant's objection regarding calendaring and agree to reduce their fees by 3.7 hours or $473.75 as clerical and not recoverable.  Plaintiffs also provided the Declaration of Jerry P. S. Chang to describe the redacted billing entries.

## DISCUSSION

In determining an award of reasonable attorneys' fees, the Court must first address whether Plaintiffs are entitled to their attorneys' fees.  The Court will next

determine whether the hourly rates requested are reasonable and whether the

hours expended were reasonably necessary to achieve the results obtained.

See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The Court will then use the

Lodestar method to calculate the reasonable attorneys' fees.  Id.

The Court must also determine whether Plaintiffs' request for costs is

reasonable.  As the prevailing party, Plaintiffs are entitled to reasonable costs.

Defendant does not object to Plaintiffs' request for costs.  Nevertheless, the

Court must examine whether recovery of the costs requested are allowable.

A.     Entitlement to Attorneys' Fees

Plaintiffs' claims arise from ERISA.  Under ERISA, Plaintiffs are entitled to

their attorneys' fees if there is a judgment in Plaintiffs' favor.  Defendant does not

dispute that Plaintiffs are entitled to recover attorneys' fees under ERISA.  In

relevant part, 29 U.S.C. § 1132(g)(2)(D) states:

> (g) Attorney's fees and costs; awards in actions involving delinquent
> contributions
>
> (1) In any action under this subchapter (other than an action
> described in paragraph (2)) by a participant, beneficiary, or
> fiduciary, the court in its discretion may allow a reasonable
> attorney's fee and costs of action to either party.
>
> (2) In any action under this subchapter by a fiduciary for or on
> behalf of a plan to enforce section 1145 of this title in which a
> **judgment in favor of the plan** is awarded, **the court shall award
> the plan—**
>
>> (A) the unpaid contributions,
>> (B) interest on the unpaid contributions,
>> (C) an amount equal to the greater of—
>>> (i) interest on the unpaid contributions, or

> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) **reasonable attorney's fees and costs of the action, to be paid by the defendant**, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2)(D) (emphasis added). "Under § 1132(g)(2), trust funds that successfully sue for unpaid contributions 'shall' be awarded reasonable attorney's fees." <u>Operating Engineers Pension Trust v. Cecil Backhoe Service, Inc.</u>, 795 F.2d 1501, 1508 (9th Cir. 1986). The word "shall" indicates that the award of reasonable attorneys' fees is "mandatory" where judgment in favor of the plan is awarded. <u>Id.</u>

Plaintiffs were awarded a favorable judgment. On April 18, 2019, the Court granted summary judgment in favor of Plaintiffs and granted Plaintiffs leave to seek reasonable attorneys' fees and costs (ECF No. 105). The Court directed the Clerk of Court to enter final judgment in favor of Plaintiffs (ECF No. 105). The Clerk entered the Amended Judgment in a Civil Case on April 18, 2017 (ECF No. 107).

Further, the Kauai Trucking Agreement 2011-2014 ("Agreement") signed by the parties also provides that Plaintiffs should be awarded reasonable attorneys' fees. The Agreement states in relevant part: "An Employer responsible for [ ] delinquent contributions shall pay to each respective Fund: . . . reasonable attorney's fees and costs of the action as provided for by the

7

Employee Retirement Income Security Act, as amended, together with all other reasonable expenses incurred in connection with such suit or claim including any appellate proceedings therein."  (ECF No. 1-1, p.8 § 14.03.04(5)).  Thus, under ERISA and the parties' Agreement, the Court FINDS that Plaintiffs are entitled to reasonable attorneys' fees and costs.

B.     Calculation of Reasonable Fee/Fee Request

To determine the amount of attorneys' fees to award under § 1132(g), the Court uses the traditional lodestar calculation by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The court may then adjust the lodestar calculation by increasing or decreasing the amount awarded based on twelve factors.  Hensley, 461 U.S. at 430; Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008).

The twelve factors are "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

Franko Maps, Ltd. v. Nielsen, No. CV 16-00600 LEK-RLP, 2019 WL 1903386, at

*11 (D. Haw. Apr. 29, 2019) (citing Hensley, 461 U.S. at 430 n.3.

      1.    Reasonable Hourly Rate

          a.    Attorneys' Hourly Rate

The Court must determine whether the requested hourly rates of $225.00

per hour for attorneys and $125.00 per hour for paralegals are reasonable.

When determining whether hourly rates are reasonable, the Court considers the

experience, skill, and reputation of the attorney requesting fees. Webb v. Ada

County, 285 F.3d 829, 840 (9th Cir. 2002). The reasonable hourly rate should

reflect the prevailing market rates in the community. Id. The fee applicant has

the burden to produce satisfactory evidence in addition to an affidavit

demonstrating that the requested hourly rate reflects prevailing community rates

for similar services. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir.

1987); Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001).

Plaintiffs request an aggregate rate of $225.00 an hour for all attorneys.

The attorneys on this case were Ashley Ikeda ("AI"), Caren Sencer ("CS"), Tracy

Mainguy ("TM"), David Fujimoto ("DF"), Ryan Kadevari ("RK"), and Jerry P.S.

Chang ("JPSC"). In support of the hourly rate requested, Plaintiffs provided the

following information: Ashley Ikeda is a shareholder at the law firm Weinberg,

Roger & Rosenfeld ("WRR") and has done work on a variety of ERISA matters

since 1981. Motion, ECF No. 108-1, Declaration of Ashley K. Ikeda ("Ikeda

Decl."), ¶ 6. Caren Sencer is also a shareholder with WRR and has been

practicing labor and employment law since 2004.  Ikeda Decl., ¶ 23.  Mainguy

has been an associate with WRR for approximately 9 years practicing labor law.

Ikeda Decl., ¶ 26.  In addition, Mainguy has approximately 8 years of experience

advising and handling collection matters on behalf of Operating Engineers Trust

Funds.  Ikeda Decl., ¶ 26.

Fujimoto is an associate at WRR and has been practicing labor and

employment law since 2017.  Ikeda Decl., ¶ 24.  Kadevari is an attorney at WRR

hand has been practicing at the firm since August 2016.  Ikeda Decl., ¶ 25.

Kadevari has prior experience working with plans (approximately 1 year) and

practicing labor and employment law (approximately 1 year).  Ikeda Decl., ¶ 25.

Jerry Chang has been an associate with WRR since last year, but has been

practicing employment law and other areas of law for over 20 years.  Ikeda Decl.,

¶ 27.

Defendant does not contest the attorneys' $225.00 hourly rate.  The Court

is well aware of the prevailing rates in the community for similar services

performed by attorneys of comparable experience, skill, and reputation.  Based

on the Court's knowledge of the prevailing rates and the information provided by

Plaintiffs, the Court FINDS that the aggregate hourly rate of $225.00 is

reasonable.  See e.g., Hawaii Laborers' Tr. Funds v. Rent a Fence Inc., No. 12-

00597 JMS-RLP, 2014 WL 12570942, at *3 (D. Haw. Feb. 5, 2014) (hourly rate

of $225.00 was reasonable for a breach of a collective bargaining agreement in

an ERISA case with attorneys from the firm Weinberg Roger & Rosenfield,

including Ashley Ikeda, representing the prevailing party).

        b.    Paralegals' Hourly Rate

Plaintiffs request an aggregate hourly fee of $125.00 for paralegals.

Defendant does not object to the requested hourly fees.  However, under §

1132(g), "fees performed by non-attorneys such as paralegals may be billed

separately at market rates, if this is the prevailing practice in a given community."

Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland

Ins. Co., 460 F.3d 1253, 1257 (9th Cir. 2006) (citing Missouri v. Jenkins, 491

U.S. 274 (1989)); Marc M. ex rel. Aidan M. v. Dep't of Educ., Hawaii, No. CIV. 10-

00195 DAE, 2011 WL 5320752, at *6 (D. Haw. May 26, 2011), report and

recommendation adopted, No. CIV. 10-00195-DAE, 2011 WL 2444670 (D. Haw.

June 15, 2011).

The prevailing practice in this community is to allow separately billed

paralegal fees.  See id.  Plaintiffs have the burden of demonstrating that their

request for $125.00 per hour for paralegal fees reflects the prevailing community

rates for similar services.  See Sorenson v. Mink, 239 F.3d 1140, 1145 (9th

 Cir. 2001).  Plaintiffs provide the following information in support of their

requested paralegal fees:  Teresa Rojas is a senior paralegal at WRR since April

2001.  Ikeda Decl., ¶ 28.  Prior to her employment at WRR, she was a licensed

attorney in the Dominican Republic and a legal assistant.  Ikeda Decl., ¶ 28.

Aaron Nathan is a senior paralegal at WRR since 2014, but has been a paralegal

since 2002.  Ikeda Decl., ¶ 29.  Judy Castillo is described as a former senior

paralegal for WRR, but Plaintiffs do not provide any further information regarding

her years of experience or areas of practice.  Ikeda Decl., ¶ 30.  It appears that

two out of the three paralegals are approaching 20 years of experience.

Given the information Plaintiffs provided, the Court finds that Plaintiffs'

request of $125.00 per hour for paralegal fees is excessive.  Courts have found

that the prevailing market rate for paralegals in this community is $85.00 per

hour.  Balboa v. Hawaii Care & Cleaning, Inc., No. CIV. 14-00009 ACK, 2015 WL

4418304, at *3 (D. Haw. June 23, 2015), report and recommendation adopted,

No. CIV. 14-00009-ACK, 2015 WL 4418712 (D. Haw. July 17, 2015) (the

reasonable hourly rate for a paralegal with eight years of experience was $85;

however, the reasonable hourly rate for a paralegal with thirty years of

experience was $105); Donkerbrook v. Title Guar. Escrow Servs., Inc., No. CIV.

10–00616 LEK, 2011 WL 3649539, at *7 (D. Haw. Aug. 18, 2011) ("The Court

finds that a reasonable hourly rate would be $85, which is on the high end of the

range of hourly rates for paralegals in Hawai'i."); Ko Olina Dev., LLC v. Centex

Homes, Civil No. 09–00272 DAE–LEK, 2010 WL 3853251, at *2 (D. Haw. Sept.

27, 2010) (awarding $85 per hour for a paralegal with over thirty years of

litigation experience); Melodee H. ex rel. Kelii H. v. Dep't of Educ., Hawaii, No.

CIV 07-00256 HG-LEK, 2008 WL 4344701, at *9 (D. Haw. Sept. 23, 2008)

(paralegal fees at $85 per hour is manifestly reasonable).

This Court has reduced the rates of even the most experienced paralegals to $85.00 an hour.  See Estate of Hirata v. Ida, No. CV 10-00084 LEK-RLP, 2013 WL 12345590, at *3 (D. Haw. Feb. 13, 2013).   Therefore, the Court FINDS that the requested rate of $125.00 is excessive and that $85.00 an hour is a reasonable hourly rate for paralegals in this case.

### 2.     Hours Reasonably Expended

The Court must next determine if the fees requested are reasonably necessary to achieve the results obtained.  Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993).  A party seeking attorneys' fees bears the burden of proving that the fees associated with the relief requested are reasonably necessary to achieve the results obtained.  Id.

The Court must guard against awarding fees which are excessive, duplicative, or unnecessary.  Id. at 637 (citing INVST Fin. Grp. V. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  Billing that is deemed excessive, redundant or unnecessary should not be compensated.  Gates v. Deukmejian, 987 F.2d 1392, 1399 (9th Cir. 1992).  However, "[a] decision denying fees will be set aside if the district court (1) abused its discretion; (2) failed to state the reasons for its decision, or (3) used incorrect legal standards to reach its decision."  Smith v. CMTA-IAM Pension Tr., 746 F.2d 587, 589 (9th Cir. 1984).  "If the district court fails to state the reasons for its decision a remand for a statement of reasons may be necessary."  Id.

            a.    Block Billing

        Defendant argues that Plaintiffs' timekeeping constitutes block billing and

that the timekeeping entries contain general descriptions.  Opposition, pp. 2-3.

Defendant requests that the Court require Plaintiffs to submit a revised version of

Exhibit "B" to Plaintiffs' Motion.  Id.  Block billing is a time-keeping method where

each lawyer or paralegal enters the total daily time spent working on a case

instead of separate entries for each task completed.  "The Ninth Circuit Court of

Appeals has recognized a district court's authority to reduce hours that are billed

in block format."  Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co., No. CIV. 09-

00429 ACK, 2012 WL 2529298, at *13 (D. Haw. June 28, 2012), on

reconsideration, No. CV 09-00429 ACK-KSC, 2012 WL 12978339 (D. Haw. July

31, 2012), and adhered to, No. CIV. 09-00429 ACK, 2012 WL 4358846 (D. Haw.

Sept. 24, 2012) (citing Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th

Cir. 2007)).  Block billing makes it difficult to ascertain how much time was spent

on each task and makes it challenging for the court to determine the

reasonableness of the fees requested.  Welch, 480 F.3d at 948.  Thus, "the Court

may properly impose a reduction for block billing, but it should explain how or

why the reduction fairly balances those hours that were actually billed in block

format."  Id. (quoting Sorenson v. Mink, 239 F.3d 1140, 1146 (9th Cir. 2001)).

        Plaintiffs' entries indeed include several instances of block billing.  It is well

established in this jurisdiction that Courts are permitted to reduce requested

hours due to block billing.  Welch, 480 F.3d 942.  In motions for attorneys' fees,

"[t]he fee applicant bears the burden of documenting the appropriate hours
expended in the litigation and must submit evidence in support of those hours
worked." Welch, 480 F.3d at 948 (citing Gates v. Deukmajian, 987 F.2d 1392,
1397 (9th Cir. 1992)).  Here, Plaintiffs are requesting for attorneys' fees and bear
the burden of properly documenting the hours they expended.  Accordingly, the
Court declines to allow Plaintiffs to revise or supplement their request.

Out of 528.90 hours billed, Plaintiffs have block billed 104.35 hours.[1]
These block billed entries make it impossible for the Court to ascertain the
reasonableness of the hours expended with respect to the specified tasks.  See
HRPT Properties Tr. v. Lingle, 775 F. Supp. 2d 1225, 1240 (D. Haw. 2011).
Accordingly, the Court will impose an across-the-board reduction of 20% to all

---

[1] The block billed entries are dated: 8/19/16 (AI, 1.25 hours), 8/24/16 (AI, 1.00),
8/25/16 (AI, 0.50), 8/29/16 (AI, 0.75), 11/10/16 (AI, 3.25), 12/12/16 (AI, 1.25),
1/5/17 (AI, 2.25), 1/9/17 (AI, 1.75), 1/10/17(AI, 1.50) , 1/11/17 (AI, 2.50), 1/13/17
(AI, 2.50), 1/23/17 (AI, 1.50), 1/24/17 (AI, 0.50), 1/25/17 (AI, 1.50), 1/26/17 (AI,
0.50), 2/1/17 (AI, 0.50), 2/3/17 (AI, 1.00), 2/28/17 (AI, 1.00), 3/21/17 (AI, 0.50),
3/22/17 (AI, 1.00), 4/5/17 (AI, 1.50), 4/5/17 (DWMF, 0.50), 4/6/17 (DWMF, 0.25),
4/6/17 (AI, 1.00), 4/24/17 (AI, 1.00), 4/28/17 (AI, 0.50), 5/3/17 (AI, 0.75), 5/5/17
(DWMF, 1.25), 5/19/17 (AI, 1.50), 5/30/17 (AI, 1.25), 6/1/17 (AI, 0.25), 6/22/17
(AI, 0.50), 6/23/17 (AI, 1.25), 7/6/17 (AI, 1.00), 7/10/17 (AI, 0.75), 7/20/17 (AI,
0.50), 7/21/17 (AI, 1.50), 7/24/17 (AI, 1.00), 8/4/17 (AI, 0.75), 8/23/17 (AI, 0.80),
8/25/17 (AI, 1.25), 8/31/17 (AI, 1.00), 10/31/17 (DWMF, 3.50), 10/31/17 (AI,
0.50), 11/1/17 (AI, 0.30), 11/9/17 (AI, 2.00), 11/14/17 (AI, 2.00), 11/14/17 (AI,
0.50), 11/15/17 (DWMF, 0.25), 11/15/17 (AI, 1.00), 11/17/17 (AI, 1.25), 11/29/17
(AI, 1.00), 2/7/18 (AI, 1.00), 2/20/18 (AI, 2.50), 2/21/18 (AI, 1.50), 3/5/18 (AI,
1.00), 7/20/18 (AI, 1.00), 7/30/18 (AI, 1.25), 8/3/18 (JPSC, 3.00), 8/14/18 (AI,
0.75), 8/22/18 (AI, 1.75), 9/5/18 (AI, 1.25), 9/17/18 (AI, 1.50), 9/24/18 (AI, 2.00),
10/31/18 (AI, 0.50), 11/8/18 (AI, 1.00), 11/8/18 (JPSC, 0.50), 12/11/18 (AI, 2.00),
12/11/18 (JPSC, 1.00), 12/12/18 (AI, 2.00), 12/12/18 (JPSC, 2.00), 12/13/18 (AI,
3.00), 12/13/18 (TLM, 0.75), 12/13/18 (TLM,1.00), 12/14/18 (AI, 2.00), 12/14/18
(TLM, 0.75), 12/15/18 (JPSC, 3.00), 12/27/18 (AJN, 0.25), 12/27/18 (AJN, 4.00),
3/12/19 (AI, 1.25) and 3/12/19 (JPSC, 0.50).

entries that are in the block billed format.  See id. (15-25% across-the-board

reduction for attorneys' fees in block billing format); Gonzales v. City of

Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013) (citing Welch, 480 F.3d at 948

(affirming 20% reduction of block billed hours); Signature Homes of Haw., LLC v.

Cascade Sur. And Bonding, Inc., No. CV 06-00663 JMS-BMK, 2007 WL

2258725, at *3 (D. Haw. Aug. 3, 2007) (block billing reduced by 20%); State

Farm Fire & Cas. Co. v. Hanohano, No. 14-00532 SOM/KJM, 2016 WL 2984682,

at *6 (D. Haw. Apr. 29, 2016), report and recommendation adopted, No. CV 14-

00532-SOM-KJM, 2016 WL 2885874 (D. Haw. May 17, 2016) (20% reduction to

block billing).  The 20% reduction fairly balances the hours actually billed in block

format because the reduction will only apply to the block billed entries listed in

footnote 1.  See Welch, 480 F.3d at 947 (citing Sorenson v. Mink, 239 F.3d 1140,

1146 (9th Cir. 2001)).  The reduction will not apply to those entries that are not

block billed.  Out of the 505.90 hours requested for attorneys' fees, 100.10 hours

have been block billed.  Out of the 23.00 paralegal fees requested, 4.25 have

been block billed.  Applying the reduction of 20% to the total block billed hours

only, the total attorneys' fees are reduced to 485.88 hours[2] and the paralegal

fees are reduced to 22.15 hours.[3]

---

[2] The total attorney hours requested is 505.90.  The total block billed attorney hours are 100.10 (adding footnote 1 attorney fee entries).  A 20% reduction in block billed hours equals a total of 80.08 hours (100.10 * 80%).  The total reduced attorneys' fees hours are 485.88 (505.90-100.10+80.08).
[3] The total paralegal hours requested is 23.00.  The total block billed paralegal hours are 4.25 (AJN on 12/27/18).  A 20% reduction in block billed hours equals

       b.   <u>Duplicative Billing</u>

"The general rule is that two professionals cannot bill for attending the same meeting." <u>Robinson v. Plourde</u>, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010) (citing <u>Brandon E. v. Dep't of Educ., State of Hawaii</u>, No. CV 07–00536 ACK–LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008)); <u>OneWest Bank, FSB v. Farrar</u>, No. CIV. 12-00108 ACK, 2014 WL 1326590, at *1 (D. Haw. Mar. 10, 2014), <u>report and recommendation adopted as modified,</u> No. CIV. 12-00108 ACK, 2014 WL 1326602 (D. Haw. Mar. 31, 2014) (citing <u>Brandon E. v. Dep't of Educ., State of Hawaii</u>, No. CV 07-00536 ACK-LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008)).  "Thus, when a party's counsel meet with one another, the Court deducts the duplicative time billed." <u>Robinson v. Plourde</u>, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010) (citations omitted).  However, the Court declines to reduce attorneys' fees where there is no duplicative billing.  Further, the Court cannot say that the amount of discussion among counsel and paralegals are excessive.

As Plaintiffs point out in their Reply, several entries that Defendant disputes are not duplicative.  The Court FINDS that the following entries are duplicative and accordingly RECOMMENDS that these entries be reduced by 0.25 for each duplicative participant:  2/28/17 (AI, DWMF) (reduce by 0.25); 4/5/17 (AI, DWMF) (reduce by 0.25); 4/24/17 (AI, DWMF) (reduce by 0.25);

---

a total of 3.4 hours (4.25 * 80%).  The total reduced paralegal fees hours are 22.15 (23.00-4.25+3.40).

5/19/17 (AI, DWMF) (reduce by 0.25); 7/6/17 (AI, DWMF) (reduce by 0.25);

7/20/17 (AI, DWMF) (reduced by 0.25); 7/21/17 (AI, DWMF) (reduce by 0.25);

10/31/17 (AI, DWMF) (reduce by 0.25); 7/30/18 (AI, DWMF, JPSC) (reduce by

0.50); 12/11/18 (AI, JPSC, TLM) (reduce by 0.50); 12/12/18 (JPSC, TLM)

(reduce by 0.25);  12/13/18 (AI, TLM) (reduce by 0.25); 12/14/18 (AI, TLM)

(reduce by 0.50); 12/27/18 (AI, AJN) (reduce AJN by 0.25).  The Court thus

FINDS that the requested attorneys' fees should be reduced by 4.00 hours and

paralegal fees by 0.25.  The total attorneys' fees are reduced to 481.88 hours

and paralegal fees are reduced to 21.90 hours.

     c.   Clerical or Ministerial Tasks

Defendant alleges that Plaintiffs' fee request for calendaring deadlines is

excessive.  "[C]lerical or ministerial costs are part of an attorney's overhead and

are reflected in the charged hourly rate."  Robinson v. Plourde, 717 F. Supp. 2d

1092, 1099 (D. Haw. 2010) (citing Jeremiah B. v. Dep't of Educ., Civil No. 09–

00262 DAE–LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010)) (citation

omitted).  "Tasks such as reviewing Court-generated notices, notifying clients of

court hearings, filing documents with the Court, communication with court staff,

scheduling, and corresponding regarding deadlines, are clerical and not

compensable.  Id. (finding that entries for communications about, and internal

office management of, hearing dates and due dates are clerical in nature).

The entries Defendant disputes are indeed clerical in nature as they

involve tasks related to due dates and internal office management (updating

docket).  Plaintiffs agree that the disputed entries are clerical in nature.  Reply, p.

9.  The Court FINDS that a deduction of 3.7 hours or a total of $493.75 from the

total fees sought by Plaintiffs is appropriate.  Out of the 3.7 hours, 0.25 hours are

attorneys' fees (DWMF) and 3.45 are paralegal fees.  After reducing the fees for

clerical/ministerial tasks, the total hours for attorneys' fees are 481.63 and

paralegal fees are 18.45.

### d.   Redacted Entries

Defendant objects to Plaintiffs' redacted entries and requests that Plaintiffs

submit a declaration describing in detail the work done.  Plaintiffs have submitted

a declaration with their Reply that sufficiently explains the work, done for the

billing entries in question.  The Court FINDS that the declaration sufficiently

explains the entries and thus, the fees requested for the redacted entries are

reasonable.

### e.   Quarter-Hour Billing

The Court will note that Plaintiffs practice quarter-hour billing.  The Ninth

Circuit has found that quarter-hour billing inflates fees because counsel bills a

minimum of 15 minutes for work such as phone calls and emails even though the

activity may have taken a fraction of the time.  Morgan v. Chicago Title Ins. Co.,

No. CIV. 00-00145 BMK, 2008 WL 763759, at *6 (D. Haw. Mar. 20, 2008) (citing

Welch, 480 F.3d at 949).  Indeed, Plaintiffs' attorneys' fees contain billing for

numerous entries for phone calls, emails, and review of documents that likely

took less than 0.25 to complete.  Thus, after careful review of the billing records

in this case, the Court FINDS that a 10% reduction in hours is appropriate to ensure that Plaintiffs do not receive undue benefit from counsel's practice of quarter-hour billing.  See id.; Benihana of Tokyo, LLC v. Angelo, Gordon & Co., Benihana, No. CV 15-00028 ACK-RLP, 2015 WL 5439357, at *7 (D. Haw. Sept. 14, 2015).

      f.    Total Attorneys' Fees

The Court FINDS that the following rates and hours are reasonable for Plaintiffs' counsel:

|  | Hours | Rate | Total |
|---|---|---|---|
| **Attorneys** | 481.63 | $225.00 | $108,366.80 |
| **Paralegals** | 18.45 | $85.00 | $1,568.25 |
| Subtotal Before 10% Reduction | | | $109,935.05 |
| 10% Reduction for Quarter-Hour Billing | | | $10,993.50 |
| **General Excise Tax (4.712%)** | | | $4,662.12 |
| **Total** | | | **$103,603.67** |

C.    Non-Taxable Expenses

Pursuant to 29 U.S.C. § 1132(g)(2)(D), Plaintiffs are entitled to their reasonable costs.  Plaintiffs request for a total of $4,877.04 in non-taxable costs. The party seeking attorneys' fees bears the burden of proving that the costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii, No. CIV 09-00162 HG-LEK, 2010 WL 234862, at *4 (D. Haw. Jan. 21,

2010) (citing <u>Tirona v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D.

Haw.1993)).  In this case, Defendant does not object to the costs requested.

Plaintiffs request for $157.75 in Delivery/Courier costs, $4,714.37 in

electronic research costs, and $4.92 in postage costs.  These costs are the type

of costs typically charged to a fee-paying client.  <u>See</u> <u>Grove v. Wells Fargo Fin.</u>

<u>Ca., Inc.</u>, 606 F.3d 577, 580 (9th Cir. 2010) ("Delivery costs are generally

recoverable for out-of-pocket litigation expenses'); <u>Nicholas M. ex rel. Laura M. v.</u>

<u>Dep't of Educ., Hawaii</u>, No. CIV 09-00162 HG-LEK, 2010 WL 234862, at *7 (D.

Haw. Jan. 21, 2010) (awarded electronic research costs); <u>Atooi Aloha, LLC v.</u>

<u>Gaurino</u>, No. CV 16-00347 JAO-RLP, 2018 WL 6588501, at *3 (D. Haw. Nov. 21,

2018), <u>report and recommendation adopted sub nom.</u> <u>Atooi Aloha, LLC by</u>

<u>Andrade v. Gaurino</u>, No. CV 16-00347 JAO-RLP, 2018 WL 6591913 (D. Haw.

Dec. 14, 2018) (awarded postage costs).  The Court thus FINDS that the costs

Plaintiffs requested were reasonably and necessarily expended.  The Court

RECOMMENDS that Plaintiffs be AWARDED costs in the amount of $4,877.04.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court FINDS AND RECOMMENDS

that Plaintiffs' Motion for Attorney's Fees and Non-Taxable Costs be GRANTED

IN PART AND DENIED IN PART.  The Court FINDS that judgment was entered

in favor of Plaintiffs on April 18, 2019 (ECF No. 107).  Under 29 U.S.C. §

1132(g)(2)(D), Plaintiffs are entitled to its attorneys' fees and costs.  The Court

RECOMMENDS that the district judge award Plaintiffs $103,603.67 (includes

G.E.T.) in attorneys' fees and $4,877.04 in costs, for a total award of

$108,480.71.

     IT IS SO ORDERED.

     DATED:  Honolulu, Hawaii, July 31, 2019.



          /s/ Rom A. Trader
          Rom A. Trader
          United States Magistrate Judge

---

*Hawaii Annuity Trust Fund for Operating Engineers, By Its Trustees v. Kauai Veterans Express Company, LTD.*; CV 16-615 JMS-RT; Plaintiffs Trustees of the Hawaii Annuity Trust Fund for Operating Engineers' Motion for Attorney's [sic] Fees and Non-Taxable Costs.